IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM F. MCADAMS,<br>  Petitioner, | )<br>) | C.A. No. 10-284 Erie |
| vs. | )<br>)<br>) | District Judge McLaughlin<br>Magistrate Judge Baxter |
| ARCHIE B. LONGLEY,<br>  Respondent. | )<br>) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

It is respectfully recommended that the instant *Petition for Writ of Habeas Corpus* be dismissed as moot.

**II. REPORT**

Petitioner William F. McAdams, formerly incarcerated at the Federal Correctional Institution at McKean, Pennsylvania, ("FCI-McKean") filed the instant petition for writ of habeas corpus on November 24, 2010, seeking a court order directing the Respondent to refrain from "price gouging," to disclose the catalog prices of items in the commissary, and to produce a copy of the agreement issued in Washington v. Reno, 35 F.3d 1093 (6th Cir. 1994)

On August 11, 2011, Respondent filed with this Court a Notice of Suggestion of Mootness stating that the instant petition should be dismissed as moot because Petitioner was released from the custody of the Bureau of Prisons on February 7, 2011. [ECF No. 9].

For the reasons set forth herein, the Court agrees that Petitioner's claims are now moot.

1

### A. Mootness Doctrine

A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law. 28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991). The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977). The writ supplies the mechanism by which prisoners may challenge the length of their custodial term. Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). The remedy is to free an inmate from unlawful custody.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624 (1982). The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. at 477. An inmate's claims for injunctive or declarative relief are generally mooted upon his transfer or release from prison. See Abdul-Akbar v. Watson, 4 F.3d 195, 197 (3d Cir. 1993)(holding that former inmate's claim that the prison library's legal resources were constitutionally inadequate was moot because plaintiff was released from custody

five months before trial); McKinnon v. Talladega County, Ala., 745 F.2d 1360, 1363 (11th Cir. 1984)("general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief").

The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. See Carafas v. LaVallee, 391 U.S. 234 (1968); Chong v. Dist. Dir., INS, 264 F.3d 378, 384 (3d Cir. 2001). It is Petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. Spencer v. Kemna, 523 U.S. 1, 7 (1998); United States v. Kissinger, 309 F.3d 179 (3d Cir. 2002). The Supreme Court has held that the length of a term of supervised release cannot be reduced "by reason of excess time served in prison." United States v. Johnson, 529 U.S. 53 (2000). Compare United States v. Cottman, 142 F.3d 160 (3d Cir. 1998).

Through the mere passage of time, Petitioner is unable to obtain the requested relief as he was released from federal custody. In these circumstances, no live controversy remains. Thus, Petitioner's claims for relief should be dismissed as moot unless he can demonstrate that he will suffer collateral consequences from the denial of federal habeas relief.

### B.   **Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000).

A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### III.  CONCLUSION

For the foregoing reasons, the instant petition for writ of habeas corpus should be dismissed as moot.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 23, 2011

cc: The Honorable Sean J. McLaughlin
United States District Judge